IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID V. PEREZ, and DEBRA K. PEREZ, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTURY ASPHALT COMPANY, and STEPHEN DALE FERGUSON, <br><br> Defendants. | 8:20CV210 <br><br> **THIRD AMENDED FINAL PROGRESSION ORDER** |

THIS MATTER is before the Court on the parties' Joint Motion to Extend Deadlines. (Filing No. 31.) The motion is granted. Accordingly,

IT IS ORDERED that the provisions of the Court's previous final progression orders remain in effect, and in addition to those provision, progression shall be amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference presently set for December 28, 2021 is canceled. A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held with the undersigned magistrate judge by telephone on **February 24, 2022** at **2:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 13.)

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is **December 13, 2021**. Motions to compel written discovery under Rules 33, 34, 36 and 45 must be filed by **December 27, 2021**.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   | | |
   |---|---|
   | For the plaintiff(s): | **November 16, 2021** |
   | For the defendant(s): | **December 16, 2021** |

4)     The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):     **November 16, 2021**
        For the defendant(s):     **January 20, 2022**

5)     The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **March 30, 2022**.

    a.    The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

    b.    Depositions will be limited by Rule 30(d)(1).

6)     The deadline for filing motions to dismiss and motions for summary judgment is **March 30, 2022**.

7)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **March 1, 2022**.

8)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 20th day of September, 2021.

                                         BY THE COURT:

                                         s/ Susan M. Bazis
                                         United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.